# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2230 | **DATE** | 7/31/2000 |
| **CASE TITLE** | Green vs. Douglas Travis | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **Plaintiff's motion to remand is denied (#12).**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 0 1 2000 date docketed | 19 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 00 JUL 31 PM 2:43 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RICHARD GREEN and SINDI GREEN, )
)
    Plaintiffs, )
)
vs. ) Case No. 00 C 2230
)
DOUGLAS TRAVIS, M.D. and )
TRUSTMARK INSURANCE CO., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On March 13, 2000, Richard and Sindi Green filed a lawsuit in state court against Richard's doctor, Douglas Travis, M.D., as well as Trustmark Insurance Corp. In their complaint, they allege that Dr. Travis negligently treated Richard's skin cancer and as a result it spread, causing Richard severe injuries and causing Sindi the loss of Richard's consortium. The Greens allege that Dr. Travis was an employee, agent, or joint venturer of Trustmark, through which Richard had his medical insurance. *See* Cplt., Count 3, ¶¶4, 8-13. They allege that Trustmark (which required its insureds to select a doctor from a list Trustmark provided) "expressly warranted . . . an assurance of appropriate care" and represented that insureds would receive "appropriate, high quality care" from the plan's preferred medical providers, *see id.,* ¶¶6-7; that Richard relied on Trustmark to choose doctors who would provide high quality care, *see id.* ¶15-16; and that Dr. Travis did not meet this standard, *see id.,* ¶¶14; 23-24; 27(g) & (i). The Greens also allege, on information and belief, that Trustmark had a contract with Dr. Travis that

created financial disincentives for doctors to refer patients to other consultants; they claim this led Dr. Travis to delay obtaining the necessary consultations that, they say, would have led to treatment that would have stopped the cancer's spread. *See id.,* ¶¶20-22; 25-26; 27(a), (e), (h) & (j); 31. The complaint also contains an allegation that Trustmark breached a fiduciary duty to Richard Green. *See id.,* ¶27(k).

Trustmark removed the case to this Court pursuant to 28 U.S.C. §1441(a), asserting that the Greens' claims against Trustmark require construction and interpretation of an employee welfare benefit plan sponsored by Green's employer and thus arise under federal law, namely the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(a)(1)(B). The Greens have moved to remand the case to state court. For the reasons stated below, the Court denies the Greens' motion to remand.

**Discussion**

Trustmark, the party who removed the case to this Court, has the burden of establishing the Court's jurisdiction. *E.g., In re Application of County Collector,* 96 F.3d 890, 895 (7th Cir. 1996).

For federal question jurisdiction to exist, a case must arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. As a general rule, a court determines whether federal question jurisdiction exists by examining the plaintiff's well-pleaded complaint; "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 63 (1987); *see Rice v. Panchal,* 65 F.3d 637, 639 (7th Cir. 1995). The issues raised in the plaintiff's complaint control the litigation in this regard. *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1486 (7th

Cir. 1986).

Ordinarily the fact that a defendant has a federal-preemption defense to a claim does not provide a basis for federal jurisdiction and thus is not a proper basis for removal. However, the Supreme Court has fashioned an exception to this rule where Congress has "completely preempted" a given area of state law. *See Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968). When "Congress has displaced a plaintiff's state law claim, that intent informs the well-pleaded complaint rule, and a plaintiff's attempt to utilize the displaced state law is properly 'recharacterized' as a complaint arising under federal law." *Rice*, 65 F.3d at 640 n. 2 (citing *Metropolitan Life Insurance*, 481 U.S. at 64). In such a case, federal subject matter jurisdiction exists, even if the plaintiff's complaint does not mention a federal basis of jurisdiction. *Jass*, 88 F.3d at 1487; *Rice*, 65 F.3d at 642. If, on the other hand, federal preemption exists only because the state law claim would conflict with some provision of federal law, there is no federal subject matter jurisdiction for the claim. *Jass*, 88 F.3d at 1487-88. *See generally Crum v. Health Alliance-Midwest, Inc.*, 47 F. Supp. 2d 1013, 1016-17 (C.D. Ill. 1999).

In *Metropolitan Life Insurance v. Taylor*, the Supreme Court extended the "complete preemption" exception to ERISA cases, holding that Congress intended "to make all suits that are cognizable under ERISA's civil enforcement provisions federal question suits." *Metropolitan Life*, 481 U.S. at 63-64; *Jass*, 88 F.3d at 1487. The Seventh Circuit has held that in the ERISA context, "complete preemption" exists only if the plaintiff's claim falls within the scope of §502(a) of ERISA, 29 U.S.C. §1132(a). *Rice*, 65 F.3d at 639-40; *Jass*, 88 F.3d at 1487. By contrast, claims that are preempted by virtue of §514(a) of ERISA, which provides for preemption of state law claims that "relate to" matters governed by ERISA, cannot be removed

3

to federal court. 29 U.S.C. §1114(a); *see Jass*, 88 F.3d at 1487-88; *Crum*, 47 F. Supp. 2d at 1017.

Section 502(a) provides that a civil action may be brought by a plan participant or beneficiary to (among other things) "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. §1132(a)(1)(B). To determine whether a claim is within the scope of §502(a), a court must examine whether the plaintiff is eligible to bring a claim under that section, whether the plaintiff's claim falls within the scope of an ERISA provision that the plaintiff can enforce via §502(a), and whether the plaintiff's claim cannot be resolved without a interpreting a contract governed by ERISA. *Rice*, 65 F.3d at 641, 644; *Jass*, 88 F.3d at 1487.

The first issue is whether the Greens are eligible to bring a claim under §502(a). The Greens argue that Trustmark has failed to establish that Richard's medical insurance plan is subject to ERISA. The Court disagrees. A group insurance plan is subject to ERISA when there is a contractual arrangement between an employer and an insurance company under which the insurance company agrees to insure the employer's employees; the employer designates who is eligible to receive benefits; and the employer contributes to the employee's share of the premiums. *See, e.g., Brundage-Peterson v. Compcare Health Services Insurance Corp.*, 877 F.2d 509, 510-11 (7th Cir. 1989); *O'Reilly v. Hartford Life and Accident Insurance Co.*, No. 97 C 7958, 1999 WL 156351, at *3-4 (N.D. Ill. Mar. 3, 1999). In this case, Trustmark has shown that Richard obtained his medical insurance as a result of a contract between his employer, Olive Can Company, and Trustmark to provide insurance for Olive Can employees. Olive Can designated the persons eligible to receive benefits, and it paid 100% of the premiums for

4

Richard's insurance and 65% of the premiums for Sindi's insurance. The Court concludes that Richard's medical insurance plan is subject to ERISA.

We analyze together the issues of whether the Greens' claims against Trustmark fall within the scope of §502(a) and whether they are claims that cannot be resolved without interpreting an ERISA plan. The Greens maintain that they have two claims against Trustmark. First, they assert a medical negligence claim based on Trustmark's alleged vicarious liability for the acts of Dr. Travis. The Seventh Circuit has held that a claim seeking to hold a managed care plan liable for the malpractice of one of its designated doctors under the doctrine of *respondeat superior* does not fall within §502(a) and thus cannot be removed to federal court. *Rice,* 65 F.3d at 645; *see also Jass,* 88 F.3d at 1488. But the Greens do not simply assert a claim for *respondeat superior*; they make it clear that they also assert a direct claim against Trustmark for its allegedly negligent selection and retention of Dr. Travis as a medical care provider for Trustmark members. *See* Pltfs' Response at 1. In *Rice,* the plaintiff made no such claim, *see Rice,* 65 F.3d at 642; the court stated that if such a claim had been made, "we might have a different case." *Id.* at 644.

In an effort to clarify the nature of their direct claim against Trustmark, the Greens have withdrawn their allegation that Trustmark owed Richard a fiduciary duty. *See* Pltfs' Response at 1-2. They have not, however, withdrawn their allegation that in the insurance plan, Trustmark "expressly warranted . . . 'an assurance of appropriate care' . . . ." Cplt., Count 3, ¶7; *see also id.* ¶16. The Greens say that this does not alter the fact that their direct claim against Trustmark is a tort claim that does not require interpretation of the plan and thus does not fall within §502(a) of

5

ERISA.[1]

The Court does not agree. The Greens take great pains to point out that their allegations about Richard's reliance on Trustmark to select a skilled physician are relevant to their vicarious liability claim on a theory of apparent agency. Pltfs' Response at 3-4. But the real issue is whether these allegations also bear on the Greens' direct liability claim against Trustmark. Under Illinois law, a claim of negligence requires proof that the defendant breached a duty that it owed to the plaintiff. *See, e.g., Jones v. Chicago HMO Ltd. of Illinois,* 191 Ill. 2d 278, 730 N.E.2d 1119, 1129 (2000). In this case the Greens have directly alleged that Trustmark's duty to the plaintiff is defined, at least in part, by the plan document. *See* Cplt., Count 2, ¶¶6-7, 15-16. Under the circumstances, the Court concludes that the Greens' direct liability claims against Trustmark "cannot be resolved without an interpretation of the contract governed by federal law." *Rice,* 65 F.3d at 644. Accordingly, that claim is properly characterized as a suit to "enforce rights under the terms of the plan," within the meaning of §502(a), "regardless of how [plaintiffs have] characterized it." *Id.* at 642.

## Conclusion

For the reasons stated above, the Court concludes that the Greens' direct liability claims against Trustmark arise under §502(a) of ERISA and therefore that the case was properly

---

[1] As discussed earlier, the complaint also contains allegations that Trustmark created financial disincentives that caused Dr. Travis not to refer Richard to qualified specialists. These allegations do not convert plaintiffs' claim into one requiring interpretation of the ERISA plan and thus one that is governed by §502(a). *See, e.g., Smith v. HMO Great Lakes,* 852 F. Supp. 669, 672 (N.D. Ill. 1994). In addition to the rationale set forth in *Smith,* it appears to the Court that the financial incentives, if they in fact exist, are not within the ERISA-governed plan but rather are part of Trustmark's arrangement with Dr. Travis.

6

removed to this Court. Plaintiffs' motion to remand is denied.

/s/ Matthew F. Kennelly
MATTHEW F. KENNELLY
United States District Judge

Date: July 31, 2000