

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2230 | **DATE** | 9/22/2000 |
| **CASE TITLE** | Green vs. Douglas Travis, M. D. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed {with/without} prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth in the attached order, plaintiff's motion to reconsider is granted. The Court's memorandum opinion and order of July 31, 2000 is vacated. The case is hereby remanded to the Circuit Court of Cook County, Illinois.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 6 2000 date docketed | 33 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 00 SEP 25 AM 11: 16 | date mailed notice | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RICHARD GREEN and SINDI GREEN,       )
                                     )
                    Plaintiffs,      )
                                     )
vs.                                  )   Case No. 00 C 2230
                                     )
DOUGLAS TRAVIS, M.D. and             )
TRUSTMARK INSURANCE CO.,             )
                                     )
                    Defendants.      )

**DOCKETED**
**SEP 2 6 2000**

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs Richard and Sindi Green have moved to reconsider the Court's July 31, 2000 decision denying their motion to remand the case to state court. The Court concluded that the case was properly removed to this Court on the grounds that one of the Greens' claims could not be resolved without interpretation of an ERISA plan; we found that the Greens had "directly alleged that [defendant] Trustmark's duty to the plaintiff is defined, as least in part, by the plan document." *Green v. Travis,* No. 00 C 2230, 2000 WL 1056347, at *3 (N.D. Ill. July 31, 2000). This finding was based on the complaint's allegation that Trustmark "expressly warranted to plaintiff Richard Green 'an assurance of appropriate care' ...." Cplt., Count 3, ¶7. In their motion to reconsider, the Greens say that this alleged warranty does not actually come from the plan itself, but rather from a "provider guide" given to persons insured under the Trustmark plan to identify physicians who had agreements with the plan to serve as "preferred providers."

We are constrained to note that if we made an error in this regard, it was because the

Greens did not speak up in either of the two briefs they filed on the motion to remand; indeed, they implicitly agreed with Trustmark's argument that the reference in their complaint *was* to the plan itself. In its opening brief, Trustmark said that "Plaintiff has rested his claim against Trustmark *on the terms of the Plan* by alleging that Trustmark expressly warranted to him 'appropriate care.' (Complaint, Counts III and IV, ¶7)." Trustmark Mem. in Supp. of Notice of Removal, p. 7 (emphasis added). In their response, plaintiffs did not indicate that this was untrue. In its reply, Trustmark repeated the assertion, saying that plaintiffs were contending that the warranty was made "*under the express terms of the plan.*" Trustmark Reply, p. 5 (emphasis in original). In a surreply filed by plaintiffs, they said that they were not basing their claims on the plan, but they conceded that they had "reference[d] portions of the plan" in the complaint. Pltf. Resp. to Trustmark Reply, p. 4. The Court took this as a concession that the complaint's allegation was meant to refer to the plan itself.

Despite the Greens' earlier apparent concession of this point, we must nonetheless re-examine the issue, as it concerns our jurisdiction. At this point, it is clear that the reference in the complaint is not to the plan itself, but rather to the provider guide. Trustmark argues that the provider guide itself refers to the plan, suggesting that the guide in effect incorporates the plan by reference. The issue, however, is whether resolution of the Greens' claim requires interpretation of an ERISA-governed contract; if not, the case was not properly removed. *See Rice v. Panchal*, 65 F.3d 637, 641, 644 (7th Cir. 1995); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996). It now appears that this is not the case. The provider guide's statements to which the Greens refer are complete in themselves; they do not require reference to the plan.

Trustmark argues, however, that whether or not the Greens intend to refer to the plan to

2

prove their case, Trustmark's defense will involve interpretation of the plan document. But the standard cannot be that removal is proper whenever a defendant is able to come up with a way in which it might refer to the plan at trial; that would make every case in which an ERISA plan is in any way involved properly removable, and that is not the law. *See Green,* 2000 WL 1056347, at *2 (claims that fall within ERISA §502(a) are removable, but claims that simply "relate to" matters governed by ERISA within the meaning of §514(a) are not).

Trustmark says that the plan gives an insured like Mr. Green the option to decide whether to use a preferred provider; it says it will rely on this to refute plaintiffs' claim that Trustmark negligently selected Dr. Travis. But this misunderstands the Greens' claim; they are saying not that Trustmark forced Mr. Green to see Dr. Travis but rather that by designating him in the provider guide, Trustmark effectively warranted that he was a skilled physician who would do a good job. Trustmark also says that it will refer to the plan document to show that Mr. Green would have been covered for the services he claimed Dr. Travis should have performed (doing a biopsy of a mole). But again, this has little to do with the Greens' claim.

Trustmark also argues that the designation of Dr. Travis was an "administrative function" under the plan. Under *Rice* and *Jass,* however, there must be a showing that the plaintiffs' claim requires interpretation of the plan. Though it is too soon to say whether the Greens' claim against Trustmark has merit, we cannot say that its resolution will require interpretation of the ERISA-covered plan: Trustmark can point to no provision in the ERISA plan that would have to be construed in order to resolve the Greens' claim.

According to Trustmark, there is more to the Greens' claims than the alleged warranty and the issue of negligent selection; Trustmark says that the Greens' complaint contains a claim

3

for breach of fiduciary duty which arises under ERISA. That is not the case; both before and since the Court's July 31 ruling, the Greens have said they were making no such claim and disavowed any intention to raise such a claim in the future. If the Greens were to try to do an about-face following remand, no court would permit this; they would be deemed to be estopped from changing course after inducing this Court to rely on their disavowal of such a claim.

Trustmark also argues that the fact that the Greens base their claim in part on "financial disincentives" imposed by Trustmark on its providers makes their claim one which arises under ERISA §502(a). But we have already rejected this argument. In our July 31 decision, we stated that "[t]hese allegations do not convert plaintiffs' claim into one requiring interpretation of the ERISA plan and thus one that is governed by §502(a)." *Green,* 2000 WL 1056347, at *3 fn. 1. For this proposition we cited Judge Holderman's decision in *Smith v. HMO Great Lakes,* 852 F. Supp. 669, 672 (N.D. Ill. 1994), which was addressed in the briefs filed prior to our July 31 ruling. The Court is still persuaded by Judge Holderman's analysis. And we stated in our earlier decision, the alleged financial disincentives are not in the ERISA plan, but rather in the arrangements between Trustmark and providers like Dr. Travis.

It is clear from *Rice* and *Jass* that the fact that Trustmark administers an ERISA-governed plan is not sufficient to permit removal. Unless the Greens' claim is one to "enforce rights under the terms of the plan," which requires a showing that it "cannot be resolved without an interpretation of the contract governed by federal law," *Rice,* 65 F.3d at 642, 644, removal is not proper. Trustmark, which bears the burden of showing that the Court has jurisdiction, has failed to do so.

For these reasons, plaintiffs' motion to reconsider is granted. The Court's memorandum

4

opinion and order of July 31, 2000 is vacated. The case is hereby remanded to the Circuit Court of Cook County, Illinois.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 22, 2000